HEYMAN ENERIO
GATTUSO & HIRZEL LLP
PRACTICING THE ART OF LAW

300 DELAWARE AVENUE • SUITE 200 • WILMINGTON, DELAWARE 19801
TEL: (302) 472.7300 • FAX: (302) 472.7320 • WWW.HEGH.LAW

December 3, 2018

**VIA ELECTRONIC FILING**

The Honorable Colm F. Connolly
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Public Version Filed 12/10/2018

Re:   In Re: Copaxone 775 Patent Litigation (C.A. 16-1267-CFC)

Dear Judge Connolly:

  We, with Rakoczy Molino Mazzochi Siwik, represent Momenta Pharmaceuticals and Sandoz, Inc. ("Sandoz") in this matter. We write in support of the December 6, 2018 discovery hearing requesting that the Court order Teva to fulfill its discovery obligations in several categories.

  These discovery requests are not new nor in circumvention of the Court's November 5, 2018 ruling declining to reopen fact discovery. Rather: (i) Teva did not appropriately supplement its document production under the schedule the Court entered on October 18, 2018; (ii) the issues concerning Teva's failure to proffer a prepared Rule 30(b)(6) witness on various financial/licensing topics arose on November 20, 2018 (the day of that deposition); and (iii) the issues with Mr. Habbah's lack of preparation for his deposition were raised long ago, but have not been resolved.

### Teva Should Be Compelled to Produce Four (4) Settlement Agreements

  *First*, Sandoz moves to compel Teva to produce four settlement agreements. This case once had five defendants, Sandoz, and four other groups: DRL, Mylan, Synthon and Amneal ("other 4 defendants"). Teva's suits involved the same patents and glatiramer acetate ("GA") 40 mg/mL products. *See* D.I. 138, First Amended Complaint. In December 2017, Teva and the other 4 defendants filed dismissal stipulations on the basis of a "settlement agreement" or an "agreement" for the patents-in-suit. *See* D.I.s 162, 164, 165, 168, entered as D.I.s 163, 166, 167, 169.

  Teva seeks a reasonable royalty. Agreements concerning asserted patents are relevant to what is a reasonable royalty. *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1119-20 (S.D.N.Y. 1970). No exception arises for settlement agreements, often deemed "the most reliable license in [the] record." *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 870-72 (Fed. Cir. 2010). Teva's settlements with the other 4 defendants are relevant to this since the agreements were (a) negotiated less than one year ago with (b) direct competitors. (And, these latter points strain credulity since Mylan launched its product in February 2017, with no new suit or injunction filed by Teva). Lastly, the agreements are relevant to secondary considerations of non-obviousness. Teva refuses to produce them (or Teva documents or communications involving the agreements) on confidentiality and burden grounds.



The Honorable Colm F. Connolly
December 3, 2018
Page 2

On confidentiality, Sandoz offered to take them on an outside-counsel-eyes-only basis. Teva refused. To minimize burden, Sandoz sought to secure relevant details via a Rule 30(b)(6) witness. Teva designated Mr. John Hassler to testify on various agreement-related topics, *e.g.*, ▮▮▮ At his November 20, 2018 deposition, Mr. Hassler ▮▮▮ and had not prepared to testify regarding same. *See* Ex. 1, Hassler Tr ▮▮▮

Thus, Sandoz respectfully requests that the Court order Teva to produce the settlement agreements it negotiated with the 4 defendants that it dismissed from this suit, and all Teva internal licenses.

**Teva Should be Compelled to Produce** ▮▮▮

*Second*, ▮▮▮

HE
G&H

The Honorable Colm F. Connolly
December 3, 2018
Page 3

### Teva Should Be Compelled to Proffer Knowledgeable Rule 30(b)(6) Witnesses

*Lastly*, Sandoz moves to compel Teva to proffer knowledgeable Rule 30(b)(6) witnesses on inventorship; damages; and settlements/licenses.

**Inventorship.** Teva designated named inventor Sasson Habbah under Rule 30(b)(6). When Sandoz deposed him on August 30, 2018, he lacked personal knowledge and was unprepared on many topics. Sandoz moves to compel a second deposition on the issue of inventorship, which falls under Sandoz Rule 30(b)(6) Mr. Habbah's lack of personal knowledge and preparation for Topic No. 7 is exemplified by the attached excerpts of his deposition. *See* Ex. 4, Habbah Tr.

**Damages and settlement/licenses.** Teva designated Mr. John Hassler under Rule 30(b)(6). When Sandoz deposed him on November 20, 2018, he too lacked sufficient personal knowledge and preparation on many topics, including

Thus, Sandoz respectfully requests that the Court order Teva to proffer knowledgeable Rule 30(b)(6) witnesses on inventorship, damages, and settlement agreements/licenses.

The Honorable Colm F. Connolly
December 3, 2018
Page 4

                                      Respectfully,

                                      */s/ Dominick T. Gattuso*

                                      Dominick T. Gattuso (#3630)

cc:      All Counsel of Record Via Electronic Mail

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: COPAXONE 775 PATENT LITIGATION | C.A. No. 16-1267-GMS (CONSOLIDATED) |

**SANDOZ INC. AND MOMENTA PHARMACEUTICALS, INC.'S
<u>RULE 7.1.1 CERTIFICATION</u>**

Counsel for Sandoz Inc. ("Sandoz") and Momenta Pharmaceuticals, Inc. ("Momenta") confirm that the parties' counsel, including Delaware counsel, met and conferred both by telephone, including on November 9, 2018, and by email in a good faith effort to resolve the discovery disputes set forth in the accompanying letter. However, Plaintiffs' counsel indicated during the parties' meet and confer that Plaintiffs would not agree to the relief sought by Sandoz and Momenta.

*Of Counsel:*

William A. Rakoczy
Deanne M. Mazzochi
Rachel Pernic Waldron
Heinz J. Salmen
RAKOCZY MOLINO MAZZOCHI
  SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654
Telephone: 312.222.7543
wrakoczy@rmmslegal.com
dmazzochi@rmmslegal.com
rwaldron@rmmslegal.com
hsalmen@rmmslegal.com

Dated: December 3, 2018

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (# 3630)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
dgattuso@hegh.law
Tel.: (302) 472-7300

*Attorneys for Defendants Sandoz Inc. and Momenta Pharmaceuticals, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: COPAXONE 775 PATENT LITIGATION | C.A. No. 16-1267-GMS (CONSOLIDATED) |

### [PROPOSED] ORDER

The Court, having considered the papers and submissions of the parties, the arguments and authorities of counsel, and the oral argument presented to the Court, hereby finds that Sandoz Inc. and Momenta Pharmaceuticals, Inc.'s requests that Plaintiffs fulfill their preexisting discovery obligations should be **GRANTED**. It is **ORDERED** that:

1. Plaintiffs produce any and all agreements through which Plaintiffs resolved any claim(s) or defense(s) in the above captioned litigation with any party/parties previously named in the litigation on an outside-counsel-eyes-only basis to Defendants' counsel; and

2. Plaintiffs produce ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and

3. Plaintiffs proffer knowledgeable Fed. R. Civ. P. 30(b)(6) witnesses on the topics of "inventorship" and "damages" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as detailed in Sandoz Inc. and Momenta Pharmaceuticals, Inc.'s December 3, 2018 letter.

**SO ORDERED.** SIGNED this _____ day of _____, 2018.

_____
United States District Court Judge