IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: COPAXONE 775 PATENT LITIGATION | C.A. No. 16-1267-CFC **CONSOLIDATED** |

Redacted: Public Version

## LETTER TO THE HONORABLE COLM F. CONNOLLY FROM KAREN E. KELLER

OF COUNSEL:
David M. Hashmall
Elizabeth J. Holland
Daniel P. Margolis, Ph.D.
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

Paul F. Ware
Daryl L. Wiesen
Brian T. Drummond
Joshua Weinger
John T. Bennett
Nicholas K. Mitrokostas
Eric T. Romeo
Sarah J. Fischer
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

William G. James
GOODWIN PROCTER LLP
901 New York Ave. NW
Washington, DC 20001
(202) 346-4000

Dated: December 4, 2018

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., and Teva Neuroscience, Inc.*



Karen E. Keller
I.M. Pei Building
1105 North Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
jshaw@shawkeller.com

Redacted: Public Version

December 4, 2018

**BY CM/ECF & HAND DELIVERY**
The Honorable Colm F. Connolly
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:    *In re Copaxone 775 Patent Litigation* – C.A. No. 16-1267-CFC (Consolidated)

Dear Judge Connolly:

    On behalf of the Teva plaintiffs we write in response to Sandoz's December 3, 2018 letter.

    Sandoz's letter is yet another attempt to reopen fact discovery, which the Court has already denied twice. Sandoz was aware of the vast majority of the current "disputes" for months[1], and failed to raise them in a timely fashion. If Sandoz had concerns about the adequacy of discovery, it should have raised them during discovery. Fact discovery closed on August 22, 2018, save for limited additional document production and two depositions. (D.I. 201.) In September 2018, the parties negotiated—and the Court entered—an amended schedule that allowed for that specific, limited discovery beyond the August deadline. (D.I. 230.) Sandoz never raised the current issues during these negotiations, nor did Sandoz request a general extension of fact discovery.

    Sandoz first requested that fact discovery be reopened during the October 17 status conference with the Court. (Ex. A at 11.) Sandoz again petitioned the Court to reopen fact discovery in the Second Joint Status Report, requesting a myriad of additional discovery, including all of the topics properly before the Court now. (D.I. 239 at 17 (batch records); 18-19 (settlement agreements); 23 (30(b)(6) topics).) The Court denied Sandoz's request both times. (Oral Order from Nov. 5, 2018.) The Court should deny Sandoz's requests for additional discovery for the same reasons that the Court denied these requests previously.

**Sandoz's Request for the Production of the Settlement Agreements Should Be Denied**

    Teva has repeatedly represented to counsel for Sandoz—well before Sandoz agreed to the

---

[1] The lone exception is the issue related to the 30(b)(6) testimony of Mr. Hassler, which is not properly before the Court. Mr. Gattuso's certification pursuant to Rule 7.1.1 states that counsel met and conferred on November 9, 2018. Mr. Hassler's deposition occurred on November 20, 2018. Therefore, Sandoz could not have met this Court's meet-and-confer obligations on this issue. Indeed, Sandoz first raised this issue just hours before its letter was due to be filed, and filed its letter while the parties were still on the phone conferring.

current schedule—that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Additionally, Teva has provided sworn 30(b)(6) testimony, in addition to attorney averments, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Sandoz also mischaracterizes *ResQNet*. Far from holding—as Sandoz asserts in its letter—that settlement agreements are "often deemed 'the most reliable license in [the] record'" (D.I. 246 at 1 (citing 3 pages of text in *ResQNet*, 594 F.3d at 870-72) (alteration in D.I. 246)), the Federal Circuit held that *under the facts of that case*, one of two litigation settlements happened to be the most reliable license in that record. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.



Third-party confidentiality interests also weigh against production of the settlement agreements. As Teva has repeatedly explained to Sandoz, Teva is not authorized to provide the requested settlement agreements to Sandoz. Given the lack of relevance or need for the settlement agreements, Sandoz's request for production of the third-party confidential information of the prior-defendants—Sandoz's competitors—is not proportional to the needs of the case. Indeed, Sandoz's insistence that the agreements be produced appears to be a thinly veiled attempt to obtain competitive intelligence about the prior-defendants.

Regarding Sandoz's accusations that Mr. Hassler was not properly prepared for Topic Nos. 4, 39, and 40, Sandoz ignores the fact that Teva—without protestation from Sandoz—limited the scope of Mr. Hassler's testimony to non-privileged information that was not subject to confidentiality agreements for these topics. (Ex. C, D). Mr. Hassler was reasonably prepared to testify on this information. Moreover, this issue is not properly before the Court as Sandoz has failed to comply with the Court's meet and confer requirements.

For the reasons stated above, Teva respectfully requests that the Court deny Sandoz's request. Regarding Sandoz's request for the production of internal licenses, Teva believes this request is now moot, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

### Sandoz's Request for the Production of Batch Records Should Be Denied

This case concerns Sandoz's proposed 40 mg/ml product. Teva has limited the asserted claims to claims directed to 40 mg/ml products. The discovery Sandoz seeks—related to Teva's 20 mg/ml Copaxone® product—is therefore irrelevant. Moreover, Sandoz's argument that Teva has offered a "new" infringement theory is simply incorrect, and was already addressed by the parties in the Second Joint Status Report. (D.I. 239 at 7.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



Teva respectfully requests that the Court deny Sandoz's untimely request for batch records.

### Sandoz's Request for Additional 30(b)(6) Testimony Should Be Denied

Sandoz's request for additional 30(b)(6) testimony should also be denied. Teva has provided reasonably prepared witnesses to testify about all the issues that Sandoz now raises. Mr. Safadi testified to the exact information that Sandoz alleges that Teva failed to provide. Mr. Safadi and Mr. Habbah were deposed on July 26 and August 31, respectively. Sandoz failed to raise this issue until it vaguely mentioned the issue in the Second Joint Status Report. (D.I. 239 at 23.) Sandoz did not even request a meet and confer on this topic until November 7—months after the close of fact discovery and the depositions at issue. The testimony was sufficient and the time to raise this issue has long passed.

As stated above, the parties had not met and conferred about any alleged issues with Mr. Hassler's testimony prior to Sandoz's request for this hearing. To the extent that Teva understands Sandoz's positions on this issue, Sandoz appears to conflate the duty of a 30(b)(6) witness to provide testimony regarding *facts* related to sales, marketing and financial information with the duty of an expert to provide an *opinion* regarding a damages model. Mr. Hassler provided testimony sufficient to provide the context in which Teva markets and sells Copaxone® 40 mg/ml. Mr. Hassler is not a damages expert, and is not required to provide an explanation of Teva's damages model. *In re Intel Corp. Microprocessor Antitrust Litig.*, No. CIV.A.05-441-JJF, 2009 WL 2921313, at *2 (D. Del. Sept. 8, 2009). That is what expert discovery is for.



As it is, the document speaks for itself and no further deposition discovery is needed at this late date.

For these reasons, Teva respectfully requests that the Court deny Sandoz's request for additional 30(b)(6) testimony.

3

        Respectfully submitted,

        */s/ Karen E. Keller*

        Karen E. Keller (No. 4489)

cc:    Clerk of the Court (by hand delivery)
       All counsel of record (by e-mail)

# EXHIBITS A-G

# REDACTED IN THEIR ENTIRETY